# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN RICHARDSON<br>CDCR # AC9306,<br><br>                              Plaintiff,<br><br>    v.<br><br>O. VALDEZ "LT." S.H.O.,<br>E. CHAVARRIA "AW", C.O.O.,<br><br>                              Defendants. | Case No.: 20-cv-01760-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b);**<br><br>**AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AS MOOT** |

Donn Richardson ("Richardson" or "Plaintiff"), currently incarcerated at Pelican Bay State Prison ("PBSP") located in Crescent City, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis ("IFP"). (*See* Compl., ECF No. 1; Mot. to Proceed IFP, ECF No. 2.) On December 7, 2020, Richardson paid the filing fee required by 28 U.S.C. § 1914(a). (*See* ECF No. 3.)

**I.   SCREENING PURSUANT TO U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

**A.   Standard of Review**

Because Richardson is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b). Under these statutes, the Court

must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     Plaintiff's Factual Allegations**

On May 17, 2019, Corrections Officer C. Bradford searched Richardson's cell at Calipatria State Prison (CSP) and located "two (2) inmate manufactured weapons located in an eyeglass case on the floor under the inmate desk." (Ex. to Compl. at 3, ECF No. 1-2.) After a disciplinary hearing on July 12, 2019, Richardson was found guilty by

Defendant Valdez of possessing the weapons and was assessed 360 days loss of credits and 90 days loss of privileges. (*Id*. at 9.) Richardson claims this determination was upheld by Defendant Chavarria. (*Id*. at 1.)

Richardson appealed the finding of guilt. (*Id*. at 10.) His appeal was partially granted and he was given a new hearing, which occurred on February 23, 2020. (*Id*. at 12, 21.) The Hearing Officer concluded that, because multiple inmates had access to Richardson's cell, "the weapons were located in an open location in the cell and were not secured," and there were discrepancies in the reports as to where the weapons were found, Plaintiff was not guilty. (*Id*. at 21.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Discussion

Richardson alleges that because he was ultimately found not guilty of the offense with which he was charged, Defendants' actions amounted to "wrongful punishment" which violated the Eighth Amendment. (Compl. at 3.) He asks for $900,000 in damages as relief. (*Id*. at 6.)

#### 1. Eighth Amendment

To state cruel and unusual punishment claim, Richardson must allege facts sufficient to satisfy two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Iqbal*, 556 U.S. at 678. First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'"

*Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014).  Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298–300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citation omitted).

Second, Richardson's Complaint "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference."  *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091.  A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety."  *Farmer*, 511 U.S. at 837.  In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw the inference."  *Id*.

Richardson alleges that Defendant Valdez violated his Eighth Amendment rights when he "incorrectly found [Richardson] guilty and punished [him]," and that Defendant Chavarria violated his Eighth Amendment rights when he "affirmed the results and punishment taken by . . . Valdez without review." (Compl. at 3.)  After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Watison*, 668 F.3d at 1112 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotations omitted).  "[A]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification."  *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).  Phone, yard and day room privileges are not "basic human needs," and the loss of good time credits does not plausibly deprive him of "life's necessities."  *See Rhodes*, 452 U.S. at 347; *see also Cole v. Sisto*, No. 08 CV 2318 JCW, 2010 WL 2303257, at *2 (E.D. Cal. June 7, 2010) (stating that "[t]o the extent that [Plaintiff] argues that the particular forms of discipline imposed on him . . . (the forfeiture of time credits, the adding of points to his classification

score, or the temporary loss of certain yard and canteen privileges) was so harsh as to be cruel and unusual, such a claim is plainly frivolous"); *Galindo v. Cockrell*, No. Civ. A. 400 CV 1802 Y, 2001 WL 1057982, at *4 (N.D. Tex., Aug. 31, 2001) ("[Plaintiff's] claim that the revocation of his earlier earned credits constitutes cruel and unusual punishment in violation of the Eighth Amendment is frivolous and requires no discussion."). Accordingly, Richardson has failed state a plausible claim upon which § 1983 relief can be granted as to either Defendant and the claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 2.  Due Process

Richardson does not explicitly invoke the Fourteenth Amendment as the basis for his complaints about his disciplinary hearing. Because his allegations could constitute a due process claim, however, the Court will conduct a Fourteenth Amendment analysis.

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id*.

Richardson contends he was improperly found guilty by Defendant Valdez at his first disciplinary hearing and that Defendant Chavarria improperly affirmed Valdez's

decision. (*See* Ex. to Compl. at 9.) Even if he is able to demonstrate that he was deprived of due process by Defendants' purported failure to provide *Wolff* protections during his first disciplinary hearing, however, Richardson's exhibits show the Rules Violation Report ("RVR") was re-issued and reheard, which resulted in a reversal of the previous guilty finding. (*See* Ex. to Compl. at 13–25.) Accordingly, any claim of due process violations arising from his first disciplinary hearing are moot in light of the grant of a new hearing which resulted in a not guilty verdict. *See Brown v. Marshall*, No. CIV S-07-0956 MCE DAD P, 2012 WL 12906131, *9 (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to ether his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him."); *Shotwell v. Brandt*, No. C 10–5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (citing *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991)) (finding that "the remedy for an unfair hearing is another hearing" and that "due process was satisfied when the results of the first disciplinary hearing were vacated, [and] the RVR was ordered reissued and reheard").

However, Plaintiff's Complaint and exhibits show that he suffered a loss of credits as a result of the first disciplinary hearing. (Compl. at 3; Ex. to Compl. at 9.) Normally, an inmate's credits would be restored after a not guilty finding, but Plaintiff's exhibits do not reflect this. Accordingly, Richardson is granted leave to amend to allege a due process violation if he did not have his credits restored after the not guilty finding.

### III. CONCLUSION AND ORDER

For the reasons explained, the Court **DISMISSES** Richardson's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint alleging a due process violation stemming from any failure to restore his lost credits after he was found not guilty at his second disciplinary hearing. Richardson's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-

alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Richardson fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Richardson's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

In addition, because Richardson paid the filing fee after he filed his IFP, the Court **DENIES** his IFP (ECF No. 2) as moot.

**IT IS SO ORDERED.**

**DATED:  December 17, 2020**

Hon. Cynthia Bashant
United States District Judge