# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN RICHARDSON<br>CDCR # AC9306,<br><br>                           Plaintiff,<br><br>v.<br><br>O. VALDEZ "LT." S.H.O.,<br>E. CHAVARRIA "AW", C.O.O.,<br><br>                           Defendants. | Case No.: 20-cv-01760-BAS-JLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AS MOOT**<br><br>**(ECF No. 6)** |

Donn Richardson ("Richardson" or "Plaintiff"), currently incarcerated at Pelican Bay State Prison ("PBSP") located in Crescent City, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis ("IFP") on September 9, 2020. (*See* Compl., ECF No. 1; Mot. for IFP, ECF No. 2.) On December 7, 2020, Richardson paid the filing fee required by 28 U.S.C. § 1914(a). (*See* ECF No. 3.)

On December 17, 2020, the Court screened the Complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and dismissed it because Plaintiff had failed to state a plausible Eighth Amendment claim upon which § 1983 relief could be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but gave him leave to amend with regard to any due process violation resulting from a failure to have his credits restored after being found not guilty of a rules violation. (*See* Dec. 17, 2020 Order, ECF No. 4.) Richardson was granted sixty (60) days from the date of the dismissal Order in which to file an Amended Complaint alleging a due process violation stemming from any failure to restore his lost credits after he was found not guilty at his second disciplinary hearing. (*Id.*) He was advised that his Amended Complaint must be complete by itself without reference to his original pleading, and that Defendants not

named and any claim not re-alleged in his Amended Complaint will be considered waived. (*Id.* (citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")).)  He was also advised that if he failed to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Richardson has now filed a Motion for Leave to File an Amended Complaint. (ECF No. 6.)  The Court granted Richardson leave to file an Amended Complaint in its December 17, 2020 Order, but only as to the aforementioned due process claim regarding failure to restore his lost credits after his second disciplinary hearing.  Amendment would be futile as to his Eighth Amendment claim because "[a] claim that the revocation of . . . earned credits constitutes cruel and unusual punishment in violation of the Eighth Amendment is frivolous and requires no discussion." *Galindo v. Cockrell*, No. Civ. A. 400 CV 1802 Y, 2001 WL 1057982, at *4 (N.D. Tex., Aug. 31, 2001).

Accordingly, his Motion for Leave to File an Amended Complaint is **DENIED** as moot.  If Richardson wishes to add claims or defendants who are unrelated to the claims he made in his original Complaint, he must file a separate civil action.  If he needs additional time to file an Amended Complaint, he may file a Motion for Extension of Time.

**IT IS SO ORDERED.**

**DATED:  January 5, 2021**

Hon. Cynthia Bashant
United States District Judge