UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN RICHARDSON<br>CDCR # AC9306,<br><br>                              Plaintiff,<br>   v.<br>O. VALDEZ "LT." S.H.O.,<br>E. CHAVARRIA "AW", C.O.O.,<br><br>                             Defendants. | Case No.: 3:20-cv-01760-BAS-JLB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)** |

On September 8, 2020, Donn Richardson ("Richardson" or "Plaintiff"), currently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) On December 7, 2020, Richardson paid the filing fee required by 28 U.S.C. § 1914(a). (ECF No. 3.)

In its December 17, 2020 Order, the Court denied the motion to proceed in forma pauperis as moot, dismissed Richardson's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b), and granted him leave to file an amended complaint. (ECF No. 4.) Richardson filed a First Amended Complaint ("FAC") on February 10, 2021. (ECF No. 8.) For the reasons stated below, the Court **DISMISSES** Plaintiff's FAC for failing to state a claim.

## I. SCREENING OF FAC

### A. Standard of Review

The Court must conduct an initial review of Plaintiff's FAC pursuant to 28 U.S.C. § 1915A because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a); *see also Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

### B. Plaintiff's Factual Allegations

The allegations Richardson makes in his FAC appear to refer to the same incident as his original Complaint, though he provides much less detail. The Court takes judicial notice of the factual allegations in Richardson's original Complaint in order to provide some context to the factual allegations in his FAC. *See Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986) (noting that a court may take judicial notice of its own records).

In his original Complaint, Richardson alleged the following:

> On May 17, 2019, Corrections Officer C. Bradford searched his cell at Calipatria State Prison (CSP) and located "two (2) inmate manufactured weapons located in an eyeglass case on the floor under the inmate desk." Exh. to Compl. at 3. After a disciplinary hearing on July 12, 2019, Richardson was found guilty by Defendant Valdez of possessing the weapons and was assessed 360 days loss of credits and 90 days loss of privileges. *Id*. at 9. Richardson alleges this determination was upheld by Defendant Chavarria. *Id*. at 1.

>Richardson appealed the guilty finding. *Id*. at 10. His appeal was partially granted and he was given a new hearing, which occurred on February 23, 2020. Id. at 12, 21. The Hearing Officer noted that multiple inmates had access to Richardson's cell, "the weapons were located in an open location in the cell and were not secured," and there were discrepancies in the reports as to where the weapons were found and concluded Plaintiff was not guilty. Id. at 21.

(Order Dismissing Compl. at 2–3, ECF No. 4.)

In his FAC, Richardson alleges Defendant Valdez violated his Fifth, Sixth and Fourteenth Amendment rights. (FAC at 2.) He alleges that Correctional Officer Cesares falsely claimed he found a cell phone charger in Richardson's cell, that Correctional Officer Bradford falsified a report regarding finding weapons in Richardson's cell, and Lieutenant Preciado "admitted that c/o Bradford gave inconsistent reports of where he found weapons." (*Id.* at 3.) According to Richardson, Defendant Valdez held an "illegal hearing" on these violations "without first providing Plaintiff with a certified copy of this officer's report," and "refused to allow Plaintiff to call his witnesses." (*Id.* at 2–3, 5.) Richardson also alleges that Valdez "used falsified reports and testimony of an unreliable witness who proved to be corrupt, in order to find Plaintiff guilty." (*Id.* at 3.) He notes that "the procedural process/due process violations were so blatant, that once Plaintiff [was] sent to another prison, he was granted a[] re-issue and re-hearing of [the] RVR . . . , and the truth came forth, which resulted in Plaintiff being vindicated with a <u>not guilty</u> verdict." (*Id.* at 3, 5.) Richardson also claims his Sixth Amendment right to confront witnesses and to compulsory process to obtain witnesses was violated by Valdez's refusal to allow him to introduce favorable evidence and that Defendant Chavarria, as Valdez's supervisor, gave Valdez "permission to deny Plaintiff his due process rights." (*Id.* at 3–5.)

### C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."

*Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II.   DISCUSSION

Richardson alleges his Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to present evidence in his defense were violated by Defendants Valdez and Chavarria.

As to Richardson's Fifth Amendment claim, "[i]t is well established that [a] Plaintiff cannot advance a Fifth Amendment due process claim against a local government entity or its employees, because the due process and equal protection components of the Fifth Amendment apply only to the federal government." *See Sanchez v. City of Fresno*, 914 F.Supp.2d 1079, 1098 (E.D. Cal. Dec. 26, 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (dismissing Fifth Amendment due process and equal protection claims brought against the City of Los Angeles because defendants were not federal actors)).

His Sixth Amendment claim fares no better. The Sixth Amendment protects the rights of defendants in criminal proceedings. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

This leaves Richardson's Fourteenth Amendment due process claim. The amendment, states, in relevant part that that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As the Court explained to Richardson in its December 20, 2020 dismissal Order, while a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation, *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff*, 418 U.S. at 564–71), any claim of due process violations arising from his first disciplinary hearing

are moot in light of the grant of a new hearing which resulted in a not guilty verdict. *See Brown v. Marshall*, No. CIV S-07-0956 MCE DAD P, 2012 WL 12906131, *9 (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him."); *Shotwell v. Brandt*, No. C 10-5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (citing *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991)) (finding that "the remedy for an unfair hearing is another hearing" and that "due process was satisfied when the results of the first disciplinary hearing were vacated, [and] the RVR was ordered reissued and reheard."). Therefore, his Fourteenth Amendment claim is also subject to dismissal.

### III.   CONCLUSION AND ORDER

For the reasons explained, the Court **DISMISSES** Richardson's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). Because amendment would be futile, the dismissal is without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)). The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: March 12, 2021**

Hon. Cynthia Bashant
United States District Judge